## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JEANIE N. AKAMANTI,<br>          Appellant, | DOCKET NUMBER<br>PH-0752-17-0412-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>          Agency. | DATE:  March 21, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bonnie J. Brownell, Esquire, Christopher Landrigan, Esquire, and Sarah Mugmon, Esquire, Washington, D.C., for the appellant.

Shelly S. Glenn, and Julie Zimmer, Baltimore, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the analysis of the appellant's disparate penalty claim, we AFFIRM the initial decision.

## BACKGROUND

The appellant began her career with the agency in June 2013 as a Facility Planner in Marion, Illinois. Hearing Transcript (HT) at 96-97 (testimony of the appellant). She applied in August 2016 for a GS-13 Health Systems Specialist (Strategic Planner) position at the agency's medical center in Martinsburg, West Virginia. *Id.* at 98; Initial Appeal File (IAF), Tab 6 at 5. In the application process, she submitted an Official Form (OF) 306, Declaration for Federal Employment. HT at 99 (testimony of the appellant); IAF, Tab 6 at 5, Tab 3 at 6, 102-03. Although the agency selected her for the position, due to an intervening hiring freeze, she did not receive notice until March 2017 of her April 17, 2017 starting date in Martinsburg. HT at 106, 110 (testimony of the appellant); IAF, Tab 6 at 5.

Also in March 2017, the State of Illinois issued a warrant for the appellant's arrest on one felony count of vendor fraud and two felony counts of theft, charging that she had obtained payments from the state's Department of Healthcare and Family Services to which she was not entitled. IAF, Tab 3

at 71-74. On March 10, 2017, the appellant was booked on the charges set forth above, and she was released on bail. *Id.* at 75-76. On April 5, 2017, the appellant filed a motion in Illinois court for permission to depart the state to accept employment. HT at 149 (testimony of the appellant); IAF, Tab 3 at 94.

After an arduous move,[2] the appellant reported for orientation in Martinsburg on April 17, 2017. HT at 110 (testimony of the appellant). On the next day, during further orientation, the agency provided the appellant with a folder of documents, among which was the OF-306 form she had filled out in August 2016. HT at 114 (testimony of the appellant). The appellant completed portions of the form concerning life insurance and her last date in her previous position, and then signed and dated the form in the place reserved for the appointee's signature, just below where she had signed the same form in August 2016 as an applicant. HT at 115, 156-57 (testimony of the appellant); IAF, Tab 3 at 102-03. She did not update any of her previous answers. Thirteen days later, the appellant filled out an Electronic Questionnaire for Investigations Processing (e-QIP), also known as a Standard Form (SF) 86. HT at 116-17 (testimony of the appellant); IAF, Tab 3 at 39-60. On her e-QIP, the appellant indicated, among other things, that she had been arrested in March 2017 on charges "regarding personal health care and medical services [she] received while transitioning from disability and re-entering the workforce and full time employment." IAF, Tab 3 at 58.

On June 1, 2017, the agency proposed the appellant's removal on a single charge of Lack Of Candor concerning her OF-306. *Id.* at 81-82. The agency alleged that when the appellant reviewed and recertified her OF-306 on April 18, 2017, she failed to disclose the pending criminal charges against her, despite the

---

[2] The appellant testified that she suffers from a Chiari malformation and a Tarlov cyst, which causes changes in her cerebral spinal fluid and her blood pressure affecting her ability to function. HT at 102 (testimony of the appellant). She asserted that the condition causes her profound fatigue, interferes with the ability of her eyes to focus, and makes it difficult for her to think and concentrate. *Id.* at 102-03.

fact that by signing the OF-306 she certified that all of the information on the form was "true, correct, complete, and made in good faith." *Id.* at 81, 103. The appellant made oral and written responses, and the agency sustained the charges, removing the appellant effective July 31, 2017. *Id.* at 20-22, 24-29.

The appellant filed an appeal and, after holding a hearing, the administrative judge affirmed the agency's removal action. IAF, Tab 1, Tab 14, Initial Decision (ID). The administrative judge found the appellant's testimony that she thought she was certifying the prior responses on her OF-306 was implausible, citing her demeanor and the fact that she updated other information on the form during her orientation in Martinsburg. ID at 6. The administrative judge found that the appellant's testimony concerning her March 2017 communications with an agency human resources specialist was less than forthright and that, despite her subsequent disclosure on the e-QIP, her failure to reveal the details of the criminal matter on her OF-306 involved an element of deception. ID at 8, 10. The administrative judge afforded no weight to the polygraph examination that the appellant reportedly passed given the preparation afforded the appellant before the test and the limited nature of the questioning involved. ID at 9-10; IAF, Tab 6 at 31-32. Thus, finding it clear that the appellant failed to provide complete or correct information, the administrative judge sustained the lack of candor charge. ID at 10. She also denied the appellant's due process and harmful error claims, found nexus, and determined that the penalty of removal was reasonable. ID at 10-17.

In her petition for review, the appellant argues that her "contemporaneous disclosure" on the e-QIP corroborates her explanation that she did not knowingly provide inaccurate or incomplete information on her OF-306. Petition for Review (PFR) File, Tab 1 at 12. She challenges the administrative judge's analysis of this issue, and contends that the agency misrepresented the record with respect to it. *Id.* at 12-13. The appellant argues that the administrative judge improperly disregarded the polygraph examination and failed to properly analyze the factors

that the Board has set forth for determining the proper weight to be afforded such evidence. *Id.* at 14-15. She also contends that the administrative judge misrepresented the record concerning the testimony of the human relations specialist who testified that he advised the appellant that she would have to update her OF-306 as part of the transition process and contended that the specialist never requested her to do so. *Id.* at 17-19, 21. The appellant argues that her completion of the bottom portion of page 2 of the OF-306 corroborates, rather than contradicts, her testimony, contending that the location of the remaining questions caused her to misunderstand that she only needed to update the information concerning life insurance. *Id.* at 19-20. She makes a similar argument concerning her statement that she needed a firm job offer from the agency and her need to take home another form for review. *Id.* at 20-21. Lastly, she challenges the administrative judge's assessment of her demeanor and argues that the administrative judge erroneously rejected her affirmative defenses. *Id.* at 22-27. The agency did not reply to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency established the lack of candor charge.

In *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002), our reviewing court explained that lack of candor is a broad and flexible concept that need not involve an affirmative misrepresentation, but "may involve a failure to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and complete." Unlike falsification, lack of candor does not require "intent to deceive" but nevertheless requires an element of deception. *Id*. at 1284-85; *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 16 (2016). To establish that element of deception, the agency must establish that the appellant made the incorrect or incomplete statement knowingly. *Fargnoli*, 123 M.S.P.R. 330, ¶ 17. Thus, lack of candor

requires proof of the following elements:  (1) that the employee gave incorrect or incomplete information; and (2) that she did so knowingly.  *Id.*

For the following reasons, we agree with the administrative judge that the agency proved the charge.  Given the chronology of events, in which, among other things, the appellant had to petition the Illinois court for permission to leave the state to start her new job a mere 2 weeks before reporting to Martinsburg, we do not believe that she simply forgot her criminal matter when she completed her OF-306 form on April 18, 2017.  HT at 149 (testimony of the appellant); IAF, Tab 3 at 94.  Moreover, such forgetfulness, even if caused by a temporary loss of focus and fatigue brought on by the appellant's medical condition, would not suffice to negate her obvious contemporaneous knowledge of her criminal matter.  Similarly, the appellant's claimed failure to read the text in block number 17 of the OF-306 when she signed it on April 18, 2017, is also insufficient to negate her knowledge of the criminal charges pending against her or the significance of the certification she executed by signing the form.  HT at 115 (testimony of the appellant); IAF, Tab 3 at 102-03.  The specific instructions on the OF-306 provide that an appointee should carefully review her answers on the form and make changes "[i]f any information requires correction to be accurate as of the date you are signing."  IAF, Tab 3 at 103.  The record establishes that the appellant did not do so.  Her April 18, 2016 signature on the OF-306 specifically certified that, to the best of her knowledge and belief, all of the information on the OF-306 was "true, correct, complete, and made in good faith," and the excuses she proffers in her petition for review cannot change the fact that her certification turned out to be untrue at a time when it defies belief that she forgot the criminal charges against her.  *Id.*; PFR File, Tab 1.  The appellant's contention that she thought her signature on April 18, 2017, was merely recertifying her August 2016 responses is similarly inherently implausible.  The appellant has not explained why the agency would have needed her to simply recertify something she already had certified was correct as of August 2016, and

the signature lines clearly indicate that one signature applied to her as an applicant, while the other applied to the appellant as an appointee, reflecting her status at two different points in time. IAF, Tab 3 at 103.

As noted above, the appellant reiterates her argument that her May 5, 2017 disclosure of the criminal charges on her e-QIP corroborates her explanation that she did not knowingly provide inaccurate or incomplete information on her OF-306. PFR File, Tab 1 at 12; IAF, Tab 3 at 39, 58. The administrative judge was not convinced, citing the appellant's subsequent email exchange with an agency human resources specialist concerning her OF-306 in which the specialist noted that he had found the OF-306 she had signed during orientation and no further action was necessary. ID at 8-9; IAF, Tab 6 at 30. The specialist's subsequent mention of the OF-306, even though the appellant may have considered herself off the hook by the specialist's assertion that no further action was necessary, should have reminded her of the explicit good-faith obligation to update the OF-306 to make it true, correct, and complete as stated in the certification she signed on April 18, 2017. IAF, Tab 6 at 30, Tab 3 at 58, 103. Moreover, the fact that the appellant chose to disclose her criminal charges on May 5, 2017, after she had been working in Martinsburg for several weeks, does not necessarily shed light on whether she knowingly lacked candor on April 18, 2017, when her employment in Martinsburg may have been less established. *See Shelton v. Department of Labor*, 38 M.S.P.R. 1, 2-3 (1988) (finding that the administrative judge properly focused on the appellant's state of mind when he submitted his employment application, and that his post-application submission of a corrected application did not warrant a different result).

Although the appellant correctly observes on review that the emails from the human resources specialist did not advise her of the need to update her OF-306 as part of the onboarding process, she also testified that she had more than five telephone calls with the specialist in the several months preceding her onboarding in Martinsburg. HT at 145-46 (testimony of the appellant); PFR File,

Tab 1 at 17. The specialist testified that the pace of calls he received from the appellant increased between February and March 2017. HT at 36 (testimony of the human resources specialist). He also testified that he had twice asked the appellant for an updated OF-306 in telephone conversations, not in an email, and he further asserted his belief that the appellant understood why the update was necessary. HT at 34-35 (testimony of the human resources specialist). On review, the appellant contends that the administrative judge misrepresented the record in finding the specialist's testimony more credible than hers, arguing that he was evasive and that he misrepresented whether he sent a tentative offer letter to the appellant in which he advised her of the need to update her OF-306. PFR File, Tab 1 at 17. Although the tentative offer letter is not part of the record, the specialist testified that most of his contact with the appellant concerning the OF-306 was over the phone, and he further testified that the appellant explicitly asked him in one of those conversations why she needed to update her OF-306. HT at 35, 41-43 (testimony of the human resources specialist).

To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). Drawing on the appellant's testimony concerning her conversations with the specialist, the administrative judge found that, despite the appellant's insistence that she never received a tentative offer letter, her email correspondence with the specialist indicates that the agency had contacted her with a proposed starting date. ID at 8.

On that basis, the administrative judge found the appellant's testimony less than forthright as compared to the specialist, whose testimony she found credible because it was consistent with the documentary evidence and "exhibited no bias against the appellant, whom he knew only through the recruitment process." ID at 8.

The appellant claims on review that the specialist was evasive in his testimony concerning whether he sent the tentative offer letter that advised her of the need to update her OF-306. PFR File, Tab 1 at 17. The administrative judge found that the testimony of the human resources specialist, although not particularly detailed, was not unreliable because of the reasons stated above. ID at 8. Nevertheless, regardless of when the specialist advised the appellant of the need to update her OF-306, such a finding is not dispositive of whether the appellant did so, and does not absolve her of the obligation to update the OF-306 as her April 18, 2017 signature on the form certified that she had. IAF, Tab 3 at 103. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find the appellant's reasons on review are not sufficiently sound to overturn the administrative judge's demeanor-based credibility findings.

The appellant argues that the administrative judge improperly disregarded her polygraph examination and failed to properly analyze the factors for determining the weight it should be accorded. PFR File, Tab 1 at 14-15; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 254-55 (1980) (setting forth the factors to be considered in assessing the weight of polygraph evidence). The appellant asserts that the report of the polygraph examination shows that she did not deliberately try to conceal the fact that she was under charges for a violation of law when she signed the OF-306. PFR File, Tab 1 at 15; IAF, Tab 6 at 31-33.

Indeed, in addition to finding that the appellant believed she was just signing her "old OF-306 form," the polygraph examiner determined that the appellant did not deliberately try to conceal the fact that she was under charges for a violation of law when she signed "the VA forms in April of [2017]." IAF, Tab 6 at 32. However, regardless of whether the appellant truthfully answered those questions before the polygraph examiner, the questions posed do not adequately address the elements of the lack of candor charge. *Fargnoli*, 123 M.S.P.R. 330, ¶ 17 (finding that the elements of a lack of candor charge are (1) that the employee gave incorrect or incomplete information; and (2) that she did so knowingly).

As for the first element, it is beyond doubt that the appellant gave incorrect information when she signed the OF-306 on April 18, 2017; the form indicates that she was not then under charges for any violation of law, and both the record and her testimony indicate that she was so charged in March 2017. HT at 102 (testimony of the appellant); IAF, Tab 3 at 71-76. Concerning the second question, the appellant was not charged with deliberately concealing the information, rather, the agency charged her with lack of candor. IAF, Tab 3 at 81-82; *Fargnoli*, 123 M.S.P.R. 330, ¶ 17. Unlike a charge of falsification, lack of candor does not require "intent to deceive" but instead merely requires that the agency establish an element of deception. *Fargnoli*, 123 M.S.P.R. 330, ¶ 16. Based in part on the appellant's demeanor testifying before her, the administrative judge found that the agency established that element of deception, ID at 10, and the polygraph examiner's finding that she may not have deliberately sought to conceal information is therefore not dispositive of whether the appellant knowingly provided inaccurate or incomplete information on her OF-316. Thus, regardless of the polygraph examiner's competence and qualifications, the examination is worthy of little weight, if any, here. *See Meier*, 3 M.S.P.R. at 254-55 (identifying the competence of the polygraph examiner as one of the factors to be considered in assessing the weight afforded to such evidence). We

therefore find that the administrative judge did not err in affording the report of the appellant's polygraph examination little weight in her analysis. ID at 9-10.

Concerning the appellant's contentions—that her completion of questions on the bottom portion of page 2 of the OF-306, as well as her insistence that she needed a firm offer from the agency and her request to take another form home to review, all corroborate rather than contradict her testimony—we disagree. PFR File, Tab 1 at 19-21. First, none of the appellant's assertions excuse the fact that her April 18, 2017 signature certified that the information on her OF-316 was correct and complete when, as demonstrated above, it clearly was neither correct nor complete. IAF, Tab 3 at 102-03.

Moreover, as noted above, the appellant fails to provide sufficiently sound reasons to discount the administrative judge's credibility determinations, which described the appellant's demeanor when answering questions in considerable detail, remarking that she looked away as she unemphatically asserted her mistaken belief that she was certifying her August 2016 answer. ID at 6. The administrative judge similarly observed that the appellant also avoided eye contact with her when she asserted that her polygraph examination discerned no deception in her answers. ID at 9. On review, the appellant challenges the administrative judge's credibility findings as inconsistent and irrational, and claims that they misrepresent the record. PFR File, Tab 1 at 21. Nevertheless, she does not establish any contradiction in the analysis she cites, failing to offer a coherent explanation as to why a "clipped" answer of "no" concerning whether she had any past convictions or probation might indicate something different from a "perfunctory" "no" answer on a completely different question concerning whether she had tried to conceal the fact that she was under charges for a violation of law. *Id.* at 22; ID at 5, 9. Similarly, the appellant fails to establish that the administrative judge incorrectly assessed her tendency to look at her counsel when answering important questions. PFR File, Tab 1 at 22. Although there could be, as the appellant explains, a reasonable explanation as to why she

glanced at her counsel during cross-examination, based on the appellant's demeanor while testifying, the administrative judge found it significant to note this behavior in her credibility analysis, ID at 9, and the appellant fails to cite sufficiently sound reasons to discount these findings, PFR File, Tab 1 at 22-24; *Haebe*, 288 F.3d at 1301. Thus, we reject the appellant's arguments concerning the administrative judge's assessment of her demeanor. PFR File, Tab 1 at 22-27.

<u>The appellant failed to establish that the agency violated her due process rights</u>.

The appellant reiterates on review her argument that the deciding official considered ex parte information, i.e., his understanding, albeit mistaken, that the appellant was guilty of the criminal charges, in making his decision to remove the appellant. PFR File, Tab 1 at 25. Procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information; therefore, it is constitutionally impermissible to allow a deciding official to receive additional material information that may undermine the objectivity required to protect the fairness of the process. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999). The appellant essentially contends that the deciding official considered the substantive criminal charges against her, as opposed to her failure to disclose those charges on her OF-306, as an aggravating factor in determining the reasonableness of the penalty. PFR File, Tab 1 at 24-27.

Although the deciding official testified that he "misspoke" in his deposition when he made the above-cited testimony, the appellant contends on review that this admission by the deciding official indicates that he relied heavily on his mistaken belief in deciding to remove her. *Id.* at 26. The administrative judge found otherwise, determining that regardless of this mistaken belief, the deciding official had consistently and credibly avowed on the witness stand that his decision to remove the appellant was solely based on her failure to disclose the criminal charges on her OF-316. ID at 10-11. Nevertheless, the appellant's

challenge on review to the administrative judge's finding that the deciding official's testimony was fluid and forthright actually challenges his deposition testimony, not his testimony before the administrative judge, whose finding on this point was limited to the testimony before her. *Id.*; PFR File, Tab 1 at 27. Moreover, the appellant mischaracterizes the deciding official's deposition testimony as detailed and unequivocal concerning his deliberation on the appellant's removal. PFR File, Tab 1 at 26-27. By contrast, the deciding official could not even identify the criminal charges in his deposition, notwithstanding his mistaken impression that the appellant already had been found guilty. IAF, Tab 12 at 11-12. Instead, the excerpt of the deciding official's testimony in the record repeatedly shows that his deliberation on the proposed removal concerned the lack of candor charge, and his testimony regarding the criminal charges concerned the fact that the charges existed, which is pertinent to the charged misconduct, as opposed to the details of substantive crime for which the appellant was charged. *Id.* at 11-15. Thus, we find that the appellant failed to establish that the administrative judge erred in rejecting her claim that the agency violated her due process rights.

<u>The penalty of removal is within the bounds of reasonableness.</u>

Lastly, although the appellant does not raise the issue on review, we address the appellant's contention below that that agency imposed a disparate penalty. IAF, Tab 7 at 4. The administrative judge found that the sole comparator the appellant identified was a Martinsburg employee who, in addition to a lack of candor charge, was also charged with failure to follow leave requesting procedures, unauthorized absence, and failure to follow sick leave certification requirements. ID at 14; IAF, Tab 6 at 41-44. Moreover, the administrative judge noted that the appellant failed to identify what ultimately happened to the comparator, making it impossible to do a proper penalty analysis concerning that action under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). ID at 14. Although we agree with the administrative judge's

determination that there was insufficient similarity between the lack of candor charges in the two adverse actions to establish the appellant's disparate penalty defense, she performed her analysis under *Lewis v. Department of Veterans Affairs*, 111 M.S.P.R. 388, ¶ 8 (2009) (finding that the agency must prove a legitimate reason for a difference in penalty by preponderant evidence).  ID at 13-14.  In *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14, the Board overruled *Lewis* to the extent that it deviated from our reviewing court's decision in *Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988) (finding that the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently).  Nevertheless, because we agree with the administrative judge that the lack of candor charge that the appellant's purported comparator faced, concerning 2 to 3 hours of time to appear in court as a witness on an agency matter, was dissimilar to the lack of candor charge in this appeal, we agree with her determination on the appellant's disparate penalty defense.  Moreover, because the administrative judge in this appeal, consistent with the Board's decision in *Singh*, stated that she would have examined the pertinent *Douglas* factors in the comparator's case had the appellant provided sufficient information for her to do so, *Singh*, 2022 MSPB 15, ¶¶ 17-18, any error in the administrative judge's analysis is harmless, *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:              _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.